MARIO P. LOVATO
Nevada Bar No. 7427
LOVATO LAW FIRM, P.C.
8670 W. Cheyenne Ave., Suite 120
Las Vegas, Nevada 89129
T: 702 979 9047
F: 702 554 3858
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS THATCHER SCHEMKES,                )
                                         )
                Plaintiff,               )    CASE NO. 2:12-CV-1158-JCM-CWH
                                         )
        v.                               )
                                         )
JACOB TRANSPORTATION SERVICES,           )
LLC, a Nevada company dba Executive      )
Las Vegas; BENTLEY TRANSPORTATION        )
SERVICES, LLC, a Nevada company, dba     )
Executive Coach & Carriage; JIM          )
JIMMERSON, an individual; CAROL          )
JIMMERSON, an individual; DOES 1-50,     )
inclusive,                               )
                                         )
                Defendants.              )
_____)

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants, by and through their counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss all claims in Plaintiff's Complaint.  This Motion is based on the pleadings and papers on file, the attached Memorandum of Points and Authorities, and any oral argument that may be heard.

LOVATO LAW FIRM, P.C.

_____/s/ Mario Lovato_____
MARIO P. LOVATO
Nevada Bar No. 7427
Attorney for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

Plaintiff Thomas Schemkes has filed a complaint that alleges that he was terminated for unlawful purposes after he filed a Complaint against Jacob Transportation Services, LLC on July 2, 2009.   Schemkes alleges three claims for relief:

1.     Discrimination and retaliation in violation of the FLSA.

2.     Discrimination and retaliation (referencing state laws even though Schemkes 2009 case was under the federal FLSA).

3.     Tortious discharge in violation of public policy (again referencing state statutes even though the 2009 case is a federal FLSA case).

There are deficiencies and other problems with Schemkes' current Complaint. Plaintiff sues four defendants even though his 2009 Complaint[1] says that Jacob Transportation Services, LLC is his sole employer.  Schemkes asserts that the claims are the subject of a class action even though nothing is alleged regarding a policy or practice, or other facts, that would apply to anyone other than Schemkes.  Schemkes has filed this case even though the subject matter of his termination is part of the Counterclaim filed by Jacob Transportation in the 2009 case that Schemkes describes at the outset of his current Complaint, and the Counterclaim has survived motions to dismiss largely because Schemkes has admitted to the allegations contained in the Counterclaim as further stated below.  Finally, Schemkes fails to inform the Court that, in the case that is consolidated with Schemkes' 2009 case, Plaintiffs' counsel sought to add Bentley Transportation Services, LLC, James Jimmerson and Carol Jimmerson as Defendants, but such motion was denied by the Court.   The court even sanctioned Plaintiffs' counsel for seeking to add such defendants without presenting any sound basis.   Plaintiffs' counsel repeats the same conduct with the filing of the present independent action.  For the reasons stated below, the claims should be dismissed.

---

[1]     Case No. 2:09-cv-1100.  *See* Complaint (in this 2012 case) ¶ 2.

## II.

### ARGUMENT

Pursuant to Rule 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Papasa v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570. Vague, conclusion and general allegations will not overcome a Rule 12(b) motion. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d

3

578, 583 (9th Cir. 1983) ("Because the complaint is vague, conclusory and general and does not set forth any material facts in support of the allegations, these claims were properly dismissed [under Rule 12(b)].").

**A.     THE CLAIMS AGAINST ALL DEFENDANTS OTHER THAN JACOB TRANSPORTATION SERVICES, LLC SHOULD BE DISMISSED BECAUSE THERE IS NOT A SINGLE FACTUAL ALLEGATION AGAINST SUCH DEFENDANTS.**

**1.     Plaintiff improperly makes vague allegations against groups of parties, rather than alleging well-pleaded facts against each Defendant that show Plaintiff would be entitled to relief.**

Schemkes improperly lumps defendant parties together in grouped allegations. Under Rule 10(b), where claims are filed against multiple parties, there must be separate counts against each of the separate parties. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). This also accords with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which must show entitlement to relief against each defendant. "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." MOORE'S FED. PRACTICE § 10.03[2][a] (3d ed. 1997). As the Ninth Circuit opined, "Something labeled a complaint . . . yet without simplicity, conciseness and clarity to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Complaint asserts claims against four parties: two different legal entities and against two individuals. The Complaint fails to assert how it is that Schemkes can file suit against four parties for one termination from one employer. Rather than even attempt to explain this, Schemkes makes grouped allegations and avoids the issue altogether. Drafting a complaint that ignores that there are four separate defendants violates Rule 8(a) and Rule 10(b).

Schemkes' Complaint presents false allegations because Schemkes has already represented to this Court that he was employed *only by Jacob Transportation Services, LLC*. This is shown in the Complaint in the case that Schemkes, himself,

4

references in Paragraph 2 of his current Complaint: Case No. 2:09-CV-1100.  In that case, Schemkes sued Jacob Transportation Services, LLC.  In doing so, Schemkes stated that Jacob Transportation Services, LLC was the party who employed him during the pertinent period: "Schemkes is ***employed as a limousine driver by the Defendant Jacob Transportation Services, LLC*** . . . ."  Complaint, Case No. 2:09-CV-1100, ¶ 12.

Schemkes has litigated the case for the last three years, the case is still pending, and Schemkes has never asserted that anyone else was his employer during that same time period.  Parties are not permitted to present false allegations to the Court.  The claims against parties other than Jacob Transportation Services, LLC should be dismissed because Schemkes' Complaint references  the case where Schemkes, himself, states that these other defendants are not his employer.

> **2.  Schemkes alleges no well-pleaded facts against Bentley Transportation Services, LLC; Jim Jimmerson; and/or Carol Jimmerson.**

Given that Schemkes' Complaint relates to his termination, it is Schemkes' obligation to allege who his employer was who terminated him.  Rather than allege who terminated him, Schemkes completely avoids the issue.  Paragraphs 8 and 9 are the paragraphs that are dedicated to identifying the Defendants, but those paragraphs fail to state the entity for which Schemkes worked.  It appears that Schemkes believes it is better to include no allegation at all, rather than allege who the employer is.  He, no doubt, avoids the issues because well-pleaded facts would show that four different persons could not all be his employer on the date of his termination.  By failing to allege the identity of his alleged employer, Schemkes has failed to properly allege a claim.

As to Jim Jimmerson and Carol Jimmerson, Schemkes' Complaint actually makes statements showing that they are ***not*** the employer of Schemkes.  The Complaint references two entity defendants that are clearly limousine businesses.  Schemkes' employer would clearly be an entity, not an individual.

When it comes to identifying Jim Jimmerson and Carol Jimmerson, the Complaint states that they have titles for their positions at the entities.  It alleges in Paragraph 9 that they are the managing member, and the CEO, respectively.  Thus,

they are not the employer of Schemkes, but rather, are persons who work on behalf of the entity.   Under these allegations, Schemkes has provided no well-pleaded facts against Jim Jimmerson and Carol Jimmerson that would support a claim that they are Schemkes' employers.  The claims against them must be dismissed.

Finally, no actual facts of wrongdoing are alleged against Bentley Transportation Services, LLC, Jim Jimmerson or Carol Jimmerson.  The Complaint merely alleges that "Defendants" terminated Schemkes, without alleging a single act of wrongdoing against any of these Defendants.  See Complaint ¶ 19.  With no well-pleaded facts of any wrongdoing at all, Schemkes' Complaint fails to state a claim against the Jimmersons and Bentley Transportation Services, LLC.   The claims against each of  these Defendants should be dismissed.

### B.   THE CLASS ACTION / COLLECTIVE ACTION ALLEGATIONS SHOULD BE STRICKEN.

There is no such action as a class action (or collective action) claim for a wrongful termination of a single worker.  Class action allegations are properly stricken where they fail to satisfy the requirements for a class action case.  *Kennedy v. Unumprovident Corp.*, 50 Fed. Appx. 354, 355 (9th Cir. 2002) (class action allegations stricken from complaint for failure to allege facts showing elements of Rule 23).  By the same token, collective action allegations can be stricken from a complaint where the complaint fails to allege facts that would satisfy the requirements for a collection action under the FLSA.

The Complaint alleges no pattern or practice of terminating multiple employees in retaliation.  Schemkes fails to present any allegations that others were terminated at the same time, or in the same manner, that he was terminated.  The facts of Schemkes' termination are individualized and specific as to him.  No basis is given for claiming that Schemkes could act as a representative for other persons who were terminated at or about the same time, based on the same facts.  The Complaint does not allege that any other employee is similarly situated to Thomas Schemkes.   Instead, the Complaint alleges that only Schemkes was terminated.

In addition, Schemkes cannot allege a class action under state law regarding alleged retaliation in connection with a federal FLSA claim.  Not only does such an assertion mix separate bodies of law, but the FLSA does not allow for class action relief.

The class action allegations should be stricken from the Complaint.  For the same reasons, the state law claims should be stricken from the Complaint, as Schemkes 2009 claim only presents federal FLSA claims.

### C.  SCHEMKES' CLAIMS FAIL BECAUSE HE HAS ALREADY ADMITTED TO THE COURT THAT THERE IS NO BASIS FOR HIS CLAIM.

A "court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intra–Plex Techs., Inc. v. Crest Group., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Schemkes' Complaint states that it arises out of another case he filed, Case No. 2:09-cv-1100.  *See* Complaint ¶ 2.  That case was filed on June 19, 2009.  *See* Complaint from Case No. 2:09-CV-1100 (#1).  That Complaint was against three parties for whom Schemkes claimed he worked, during successive periods of time: (1) CLS Nevada; (2) Presidential Limousine; and (3) Jacob Transportation Services, LLC.

On July 14, 2009, Jacob Transportation served an Answer and Counterclaim.  In the Counterclaim, Jacob Transportation asserted that, inter alia, Schemkes' own Complaint showed that Schemkes had intentionally lied on his employment application and regarding his employment history before being employed by Jacob Transportation. Jacob Transportation's Counterclaim asserted that it terminated Schemkes on July 2, 2009 because of these numerous lies on his own employment documents.

In his "Answer" to the Counterclaim, Schemkes **admitted** that he told numerous intentional falsehoods in his Employment Application.  He also admitted that he committed numerous bad acts that each, on their own, justify his termination.

7

Schemkes' admitted each of these intentional falsehoods and wrongful acts in pleadings filed with the Court.  A selection of some of these admissions are as follows:

On November 14, 2008, Schemkes drafted a written application for employment ("Employment Application") at Jacob Transportation and delivered such application to Jacob Transportation.  Pls' Ans. Am. Counterclaim (Case 2:09-CV-1100, Docket No. 127) ("Answer") ¶ 8 (admit).   In the Employment Application, Schemkes failed to disclose that he had previously been employed by Presidential Limousine, fully omitting and concealing any reference whatsoever to Presidential Limousine.  Answer ¶ 9 (admit).   In fact, Schemkes had been employed by Presidential Limousine from approximately February 2007 to July 2007.  Answer ¶ 10 (admit).

In the Employment Application, Schemkes represented that he was employed by the Clark County School District from November of 2003 to May of 2007.  Answer ¶ 15 (admit).  Schemkes misrepresented the end-date of his employment with Clark County School District, making it later than was actually the case.  Answer ¶ 16 (admit).  Schemkes' representation regarding the dates of his Clark County School District employment was false.  Answer ¶ 17 (admit).

***Schemkes failed to disclose to Jacob Transportation the true reason for his termination from CLS.***  Answer ¶ 53 (admit).  Schemkes was thereafter convicted by the NTA for using his employer's limousine for his own private purposes and for operating a private limousine company of his own without having a CPCN.  See Answer ¶¶ 50-52 (denying only on the basis that the "conviction" was a "civil matter").

In his Employment Application, Schemkes provided reasons for his departures from his prior employers, providing innocuous reasons for his departure.  Answer ¶ 21 (admit).  Prior to being employed by Jacob Transportation, Schemkes placed a listing on craigslist.com that advertised private limousine services.  Answer ¶ 23 (admit).  In the advertisement, Schemkes stated that he could provide services in the Las Vegas area, as well as to locations in the State of Arizona and the State of California.  Answer ¶ 24 (admit).  In the advertisement, Schemkes stated:

**PRIVATE CHAUFFEUR with REASONABLE RATES!!! (LAS VEGAS)**

Professional Chauffeur will drive your car or my car around Las Vegas and also round trip to Los Angeles, Grand Canyon, etc.

Experienced, Private Chauffeur.

Sedan Limo or 6 passenger Limousine Available.

Call Now (702) 606-3539

Answer ¶ 25 (admit).

In the advertisement, Schemkes failed to state that he was actually employed by a limousine company.  Answer ¶ 26 (admit).  In the advertisement, Schemkes failed to state that the limousine that he would use was, in fact, owned by his employer.  Answer ¶ 27 (admit).  In the tile of the advertisement, Schemkes' representation that he was a "private chauffeur" was false.  Answer ¶ 28 (admit).  In fact, Schemkes worked for CLS at the time.  Answer ¶ 29 (admit).

In the middle paragraph of the advertisement, Schemkes' representation that he was a "private chauffeur" was false.  Answer ¶ 30 (admit).  In 2008, Schemkes did not own a sedan limousine.  Answer ¶ 31 (admit).  In 2008, Schemkes did not own a 6 passenger limousine.  Answer ¶ 32 (admit).

In 2008, Schemkes' employer, CLS, provided him access to limousines only for purposes of providing transportation services on behalf of, and as an employee of, CLS.  Answer ¶ 33 (admit).   The telephone number that Schemkes provided in the advertisement was his own private telephone number.  Answer ¶ 34 (admit).

The telephone number in the advertisement was not the telephone number of his employer, CLS.  Answer ¶ 35 (admit).  In the advertisement, Schemkes did not provide a certificate of public convenience and necessity ("CPCN") license number.  Answer ¶ 36 (admit).

**Schemkes' advertisement on craigslist.com was a violation of Nevada law.** Answer ¶ 37 (admit).   Schemkes' advertisement without a CPCN number was a violation of Nevada law.  Answer ¶ 38 (admit).  Sometime after Schemkes placed an

advertisement on craigslist.com, he was contacted by an undercover investigator for the Nevada Transportation Authority ("NTA").  Answer ¶ 39 (admit).  Schemkes arranged to provide transportation to the undercover investigator.  Answer ¶ 40 (admit).  Schemkes actually provided transportation to three NTA investigators.  Answer ¶ 41 (admit).

Schemkes failed to disclose to Jacob Transportation the true reason for his termination from CLS.  Answer ¶ 53 (admit as to CLS).  Specifically, Schemkes wrote on his application for Jacob Transportation that the reasons for his termination were "notice to see family" and "slowdown."  Answer ¶ 55 (admit).  The reasons provided by Schemkes were false.  Answer ¶ 56 (admit).  ***Schemkes intentionally provided false reasons for his termination from CLS.***  Answer ¶ 58 (admit).

Schemkes failed to keep complete and accurate trip sheets while he was employed at Jacob Transportation.  Answer ¶ 81 (admit).  During Schemkes' employment with Jacob Transportation, Schemkes failed to write the required information on his trip sheet upon the customer's entry into the limousine.  Answer ¶ 72 (admit).  Schemkes has already admitted under oath that he sometimes would not record required information on his trip sheet upon the customer's entry into the limousine.  Answer ¶ 79 (admit).  Schemkes has already admitted under oath that he would sometimes drive a customer for a period of time without recording any information on his trip sheet.  2d Ans. ¶ 80 (admit).

### D.   THE STATE LAW CLAIMS (AND/OR REFERENCES TO STATE LAW) ARE BARRED BY CLAIM PRECLUSION AND/OR ISSUE PRECLUSION.

Schemkes' counsel references state statutes where the Court has already held that there cannot be a claim as a matter of law.  Schemkes has no state-law based claims because judgment has been entered in favor of Defendant on the claims filed by Plaintiffs' counsel in the consolidated case.

While the decision was made in the Robert Greene v. Executive Coach and Carriage case that was consolidated with the Schemkes case, the Court has repeatedly held that there is no good claim under NRS 608.016 before, and after, the consolidation

10

of the two cases.[2]  All state law claims in the were eliminated.  There is no good reason

for Schemkes to reference NRS 608.016, as he does in paragraph 34 of his current

Complaint.  The state law claims should be dismissed.

> **E.  SCHEMKES CANNOT FILE AN INDEPENDENT ACTION FOR MATTERS THAT MUST BE INCLUDED IN THE FIRST CASE, WHERE THE DEADLINE FOR AMENDING CLAIMS IN THE ORIGINAL CASE HAS LONG SINCE PASSED, AND WHERE THE COURT HAS ALREADY DENIED A MOTION FOR LEAVE TO AMEND FILED BY PLAINTIFFS' COUNSEL.**

Claims relating to Schemkes' employment are already part of the original case.

Jacob Transportation filed counterclaims that relate directly to Schemkes' termination

because the bases for the counterclaims were discovered during the time period from

Schemkes filing of his 2009 case and the date of his termination.

Given that the subject matter is already part of the 2009 case, Schemkes was

obligated to pursue any such claims in the case.   Yet, he did nothing to pursue such

claims.  The deadline for amending the complaint passed long ago.   Schemkes did not

seek to add the current claims to the case.

In addition, Plaintiff Robert Greene (and Plaintiffs' counsel) previously sought to

add  individual  claims  against  James  Jimmerson,  Carol  Jimmerson,  Bentley

Transportation.   The motion was denied by the Court.   *See* Docket No. 113 (Order

denying motion for leave to amend), 129 (Order denying motion to reconsider).  The

Magistrate  Judge  also  sanctioned  Plaintiffs'  counsel  for  vexatious  and  frivolous

---

[2]  On May 8, 2009, Defendant filed a motion to dismiss the minimum wage and overtime claims being asserted pursuant to state law.  *See* Def.'s Motion Dismiss (Docket No. 6).  The Court granted the Motion to Dismiss, dismissing the state law claims for alleged violation of minimum wage and overtime. *See* Order dated November 10, 2009 (Docket No. 16).

Plaintiff's counsel filed a Motion to Certify the Question (either to the Nevada Supreme Court or to allow appeal to the Ninth Circuit).  The Court denied Plaintiff's Motion.  *See* Order dated January 27, 2010 (Docket No. 19).  The Motion was denied, in part, because Plaintiff had no significant or meaningful legal authority that supported his argument.

On February 11, 2010, Defendant filed its Motion for Summary Judgment as to all remaining state-law based claims, including the claim under NRS 608.016.  *See* Def. Motion for Summary Judgment (Docket No. 20).  On June 9, 2010, the Court granted Defendant's Motion for Summary Judgment in its entirety.  *See* Order dated June 9, 2010 (Docket No. 31).

On August 16, 2010, after learning the case had been reassigned to a new judge, Plaintiff filed a Motion to Reconsider.  *See* Motion to Reconsider (Docket No. 45).  The Court denied Plaintiff's Motion to Reconsider.  *See* Order dated March 7, 2011 (Docket No. 55).  Judge Navarro found Judge Jones' decision to be well reasoned.

misconduct in seeking the amendment.  The Magistrate Judge also found that Plaintiffs'

counsel had failed to attach any evidentiary support whatsoever to the motion for leave

to amend.

Where a motion to add parties has been denied in the case, the plaintiff(s)

cannot circumvent the court's order by filing an independent action.  As stated in *Adams*

*v. California Dept. of Health Services*, 487 F.3d 684 (9th Cir. 2007):

> Adams filed her present complaint in an attempt to avoid the
> consequences of her own delay and to circumvent the
> district court's denial of her untimely motion for leave to
> amended her first complaint.  However, as the Tenth Circuit
> stated in *Hartsel Springs Ranch of Colorado, Inc. v.*
> *Bluegreen Corp.*, "***the fact that plaintiff was denied leave***
> ***to amend does not give her the right to file a second***
> ***lawsuit based on the same facts***."  296 F.3d 982, 989
> (10th Cir. 2002).

*Id.* at 688 (emphasis added).

### F.    SANCTIONS SHOULD BE ENTERED BY THE COURT AGAINST PLAINTIFFS' COUNSEL FOR ENGAGING IN VEXATIOUS AND FRIVOLOUS PRACTICES IN FILING THE COMPLAINT.

Sanctions are available where vexatious litigation tactics create a multiplicity of

actions, leading to potential harassment and excessive liability, and draining of judicial

resources."  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1135 (9th Cir. 2007).

Plaintiffs' counsel has already lost on the same types of claims being presented

in the current Complaint.  It is vexatious to file the same case making reference to state

law claims where the Court has already held that the claims fail as a matter of law.

It is also vexatious to file a complaint in an effort to add parties where the Court

has already held that leave to add such parties in the earlier-filed case is not being

granted, especially where the Court sanctioned the plaintiff for seeking such relief

without any sound basis.

/ / /

/ / /

/ / /

**IV.**

**CONCLUSION**

For the reasons stated above, all of Schemkes' claims should be dismissed with prejudice.   In addition, Schemkes' counsel should be sanctioned for engaging in frivolous and vexatious misconduct in filing this additional independent action.

LOVATO LAW FIRM, P.C.

_____/s/ Mario Lovato_____
MARIO P. LOVATO
Nevada Bar No. 7427
Attorney for Defendants

13

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 14, 2012, I served a copy of this

**DEFENDANTS' MOTION TO DISMISS COMPLAINT AND TO STRIKE COLLECTIVE**

**ACTION ALLEGATIONS** via electronic means in accordance with the court's order

requiring electronic service in this case, and that it was served on all parties registered

with the court's CM / ECF system of electronic service.


/s/ Mario Lovato_____