# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THOMAS THATCHER SCHEMKES,

    Plaintiff(s),

v.

JACOB TRANSPORTATION SERVICES, LLC, et al.,

    Defendant(s).

2:12-CV-1158 JCM (CWH)

# ORDER

Presently before the court is defendants Jacob Transportation Services, LLC; Bentley Transportation Services, LLC; Jim Jimmerson; and Carol Jimmerson's motion to dismiss. (Doc. # 13). Plaintiff Thomas Thatcher Schemkes responded (doc. # 14), and defendants replied (doc. # 16).

**I.    Factual background**

This case arises out of an alleged wrongful termination. On June 19, 2009, Plaintiff brought a collective action lawsuit against defendant Jacob Transportation Services in *Schemkes v. Presidential Limousine, et al.*, case no. 2:09-cv-100-GMN-PAL ("the wage lawsuit"). The wage lawsuit alleged that Jacob Transportation Services, amongst other defendants, violated the Fair Labor Standards Act ("FLSA") by failing to pay minium wages and overtime to plaintiff and other employees.

Plaintiff alleges in the instant action that defendants retaliated against, discriminated against, and untimely terminated plaintiff in response to the wage lawsuit. Plaintiff alleges that he worked

**James C. Mahan**
**U.S. District Judge**

for defendants as a limousine driver from about November 2008 until he was untimely terminated on July 2, 2009. Plaintiff alleges that defendants engaged in conduct designed to deter potential opt-in plaintiffs from joining the wage lawsuit or to mislead other employees to believe that they had been properly compensated.

Plaintiff brings the instant action alleging that defendants discriminated and retaliated against him in violation of 29 U.S.C. § 215(a)(3), NRS § 613.480(4), and NRS § 50.070; and that defendants tortiously discharged him in violation of public policy as delineated in NRS §§ 608.016, 608.040, 608.100(1)(b), and 608.115 as well as 29 U.S.C. §§ 206, 207, 215(a)(3), 216(b), 157, and 158(a)(1). Plaintiff has styled the instant action as an individual and collective action lawsuit.

## II.    Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint

James C. Mahan
U.S. District Judge

- 2 -

1  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
2  alleged misconduct. *Id.* at 1949.

3        Where the complaint does not permit the court to infer more than the mere possibility of
4  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." Id.
5  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
6  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

7        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
8  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
9  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
10 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
11 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
12 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
13 be subjected to the expense of discovery and continued litigation." *Id.*

14 **III.  Discussion**

15       Defendants set forth five arguments to support their motion to dismiss: (1) the claims against
16 all defendants other than Jacobs Transportation Services should be dismissed because there is not
17 a single factual allegation against such defendants, (2) the class actions/collective action allegations
18 should be stricken, (3) the claims fail because plaintiff already admitted to the court that there is no
19 basis for his claim, (4) the state law claims are barred by issue and/or claim preclusion, and (5)
20 plaintiff cannot file an independent action for matters that must be included in the first case. The
21 court addresses each in turn.

22     **A.**    **The claims against Bentley Transportation Services are dismissed without**
23           **prejudice**

24       "Something labeled a complaint . . . without simplicity, conciseness and clarity as to whom
25 plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."
26 *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1     Defendants argue that plaintiff improperly lumped defendants together in grouped
2 allegations. Defendants contend that the complaint fails to assert how plaintiff can file suit against
3 four parties for one termination from one employer. Defendants look to plaintiff's complaint in the
4 wage lawsuit to establish that plaintiff was employed only by Jacob Transportation Services, and no
5 other defendant.

6     The court finds that defendants Jim Jimmerson and Carol Jimmerson are proper defendants
7 in the instant action. Plaintiff has pleaded sufficient facts that defendants Jim Jimmerson and Carol
8 Jimmerson held positions at Jacob Transportation Services capable of retaliating against and
9 discriminating against plaintiff.

10     However, the court finds that Bentley Transportation Services is not a proper defendant in
11 the instant action. The court takes judicial notice of those parties plaintiff sued in the wage lawsuit.
12 *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court
13 may take judicial notice of matters of public record without converting a motion to dismiss into a
14 motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Lee v.*
15 *City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may
16 take judicial notice of 'matters of public record.'"). In the wage lawsuit, plaintiff sued his employer
17 for violations of the FLSA; however, plaintiff did not sue Bentley Transportation Services in that
18 action.

19     Therefore, the court finds that plaintiff does not have a cause of action against Bentley
20 Transportation Services for discrimination, retaliation or for being tortiously discharged because of
21 the wage lawsuit, as Bentley was not party to that suit.

22     **B.**    **The class actions/collective action allegations**

23     Plaintiff frames his complaint as a collective action under FLSA. Defendant argues that the
24 complaint fails to allege facts that would satisfy the requirement for a collective action under this
25 statute. Plaintiff argues that defendant should have moved to strike class allegations under Fed. R.
26 Civ. P. 12(f).

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  The court agrees. Defendant has not properly moved to strike any class allegations in the
2  instant complaint. However, the court notes that while plaintiff seeks relief for retaliation,
3  discrimination, wrongful termination and other unlawful employment practices; plaintiff has not
4  sufficiently pleaded facts that other employees experienced similar treatment to that of plaintiff.[1]

   **C.    Plaintiff's claims do not fail because plaintiff's previous admission**

6  Defendants would have the court rely on plaintiff's answer to their counterclaims in the wage
7  lawsuit to establish that they had a legitimate non-retaliatory reason for plaintiff's termination.
8  Defendant states that in these pleadings, plaintiff admitted that he stole from his limousine company
9  employers, that he falsified his prior work history, that he falsified his prior driving record, that he
10 was convicted by the Nevada Transport Authority of stealing form his prior employers, and that he
11 continued engaging in theft from Jacob Transportation Services while he worked there. Defendants
12 argue that these admissions make it impossible for plaintiff to disprove his employer's reasons for
13 terminating him.

14 Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint
15 itself. *See Lee,* 250 F.3d at 688. If the district court relies on materials outside the pleadings in
16 making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-
17 moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie,* 342 F.3d
18 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached
19 to the complaint, documents incorporated by reference in the complaint, or matters of judicial
20 notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie,*
21 342 F.3d at 908.

22 A court may also treat certain documents as incorporated by reference into the plaintiff's
23 complaint if the complaint "refers extensively to the document or the document forms the basis of
24 the plaintiff's claim." *Id.* at 908. If adjudicative facts or matters of public record meet the

---

[1] While the court acknowledges that plaintiff has pleaded that Craig Cantor would make statements that "this is what happens to you when you sue JACOB" to other employees and point to a blown-up picture of plaintiff hanging in Cantor's office. It is not clear from this allegation that these other employees were part of the wage lawsuit or that Cantor's actions were taken for the purpose of discriminating against these employees for their participation in the wage lawsuit.

James C. Mahan
U.S. District Judge

- 5 -

requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at 909; *see* FED.R.EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009).

Because defendants request the court to rely on plaintiff's answer to their counterclaims in the wage lawsuit, the court finds it necessary to address whether judicial notice of such a document is proper. "Court orders and filings are the type of documents that are properly noticed under [Rule 201(b) ]." *Neilson v. Union Bank of Cal.*, 290 F.Supp.2d 1101, 1112 (C.D. Cal. 2003). In particular, courts may take judicial notice of proceedings of other courts if those proceedings have a "direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). Nonetheless, the court can only take judicial notice of these documents for the "limited purpose of recognizing the 'judicial act' that the order represents on the subject matter of litigation." *Neilson*, 290 F.Supp.2d at 1112 (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

While the instant complaint referenced the wage lawsuit, the complaint never referenced plaintiff's answer to defendants' counterclaims. Further, plaintiff contests defendants' real reason for his termination—arguing that he was fired because he filed the wage lawsuit.

Given the issue this case presents and each parties' respective position on plaintiff's termination, the court declines to take judicial notice of plaintiff's answer for the truth of any disputed facts recited therein. *See San Luis v. Badgley*, 136 F.Supp.2d 1136, 1146 (E.D.Cal. 2000) (quoting *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) for the proposition that a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings."); *see also Miglin v. Mellon*, 2:08-CV-01013-LRH-PA, 2009 WL 3719457, at *2 (D. Nev. Nov. 4, 2009) (taking judicial notice of documents for their existence and not for the truth of any disputed fact

therein). Accordingly, the court does not find that plaintiff's claims fail because of a previous admission.

### D. Plaintiff's state law claims are not barred by issue and/or claim preclusion & plaintiff can file an independent action from the wage lawsuit for wrongful termination

As an initial matter, the court finds it necessary to lay out the legal standards for claim preclusion and issue preclusion.

#### i. Claim preclusion

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). "A final judgment on the merits of an action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, no. CV F 02-5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

The Nevada Supreme Court has established the following three-part test for determining whether claim preclusion should apply: "(1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *see also Tahoe-Sierra*, 322 F.3d at 1077 (identifying the same three-part test).

When considering the first factor a court should note that "even when parties are not identical, privity may exist if there is a substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* at 1082. "Privity–for the purposes of applying the doctrine of res judicata–is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997).

**James C. Mahan**
**U.S. District Judge**

- 7 -

Courts should consider the following four criteria for the third factor: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

### ii. Issue preclusion

"In contrast to claim preclusion, the doctrine of issue preclusion does not apply to matters which could have been litigated but were not." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 235 (Nev. 2005). "However, issue preclusion may be appropriate, even when the causes of action asserted in the second proceeding are substantially different from those addressed in the initial proceedings, as long as the court in the prior action addressed and decided the same underlying factual issues." *Id.* "Therefore, when determining whether issue preclusion applies to a given case, courts must scrupulously review the record to determine if it actually stands as a bar to relitigation." *Id.*

"Issue preclusion, or collateral estoppel, may be implicated when one or more of the parties to an earlier suit are involved in subsequent litigation on a different claim." *Univ. of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994). "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (internal citations and quotations omitted).

"In both the offensive and defensive use situations the party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier action." *Id.* (alteration in original) (internal quotations and citations omitted). "The issue must have been actually decided after a full and fair opportunity for litigation." *Id.*

"Under the Full Faith and Credit Act, federal courts must give state judicial proceedings the same full faith and credit as they have by law or usage in the courts of the State from which they are taken." *Id.* (quoting 28 U.S.C. § 1738); *Migra*, 465 U.S. at 81 ("Section 1738 requires federal courts

to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.").

Under Nevada law, "the following factors are necessary for application of issue preclusion: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated." *Ruby*, 194 P.3d at 713.

### iii. Analysis

Defendants argue that plaintiff has no state-law based claims because judgment has been entered in favor of defendants on the claims filed by plaintiffs' counsel in the wage lawsuit.[2] Defendants' argue that the court had repeatedly held that there is no good claim under NRS § 608.016.

However, it appears that plaintiff's complaint alleges violations *of public policy* and not a direct violation NRS § 608.016.[3] Thus, the doctrine of res judicata does not affect this particular claim. *See Tahoe-Sierra Pres. Counsel, Inc.*, 322 F.3d at, 1077. Further, plaintiff's other state law claims (NRS § 613.480(4) and NRS § 50.070) appear neither to have been litigated nor could have been litigated in the wage lawsuit. Therefore, the court does not find that issue or claim preclusion bar plaintiff's state law claims.

Defendants also argue that plaintiff cannot file an independent action for matters that must be included in the first case. Defendant argues that the instant claims relate to plaintiff's employment which was already part of the wage lawsuit. Defendants contend that plaintiff was obligated to pursue any such claims in the wage lawsuit.

The court disagrees. An alleged violation of 29 U.S.C. § 215(a)(3) could not have arisen until following the commencement of the wage lawsuit. Even though plaintiff was terminated in July 2,

---

[2] The wage case was consolidated with *Greene v. Executive Coach & Carriage*, case no. 2:09-cv-00466-GMN-RJJ from March 4, 2011, to September 13, 2012.

[3] Whatever infirmities a violation of public policy cause of action may suffer is not at issue here.

**James C. Mahan**
**U.S. District Judge**

- 9 -

2009—during the pendency of the wage lawsuit—the court does not find that plaintiff was obligated to bring these causes of action in that case.

The court finds that none of plaintiff's claims against defendants are barred by claim or issue preclusion. As for claim preclusion, while some of the parties are the same and while there is a valid final judgment in the wage lawsuit; the claims in this case are neither the same nor based on the same claims that should have been brought in the wage lawsuit. The two suits arise out of different transactional nuclei of facts and involve the infringement of different rights. Title 29 U.S.C. § 215(a)(3) gives plaintiff a cause of action for discharge or discrimination because plaintiff filed a FSLA action. Thus, plaintiff can pursue this action without being barred by the claim preclusion doctrine.

As for issue preclusion, although the wage lawsuit judgment was on the merits and final and although Jacobs Transportation Services was a defendant in the prior action, the issues decided in the wage lawsuit are not identical to the issues presented here. There, the parties were at odds over whether Jacobs Transportation Services had failed to pay minium wages and overtime to plaintiff and other employees. Here, plaintiff alleges that defendants have retaliated against, discriminated against, and wrongful terminated plaintiff and other employees. Further, defendants' liability for the alleged retaliation, discrimination, and wrongful termination has not yet been litigated.

**IV.    Rule 11 sanctions**

Defendants request the imposition of sanctions for plaintiffs' counsel engaging in vexatious and frivolous practices in filing the instant complaint. Defendants argue that plaintiff's counsel has already lost on the same types of claims being presented in the current complaint. Defendants contend that it is vexatious to file the same case based on state law claims where the court has already held that the claims fail as a matter of law.

However, the court finds the instant request unwarranted. Even if the court already held that plaintiff cannot pursue a cause of action under NRS § 608.016, that does not implicate plaintiff's cause of action for violation of public policy. Further, plaintiff's unsuccessful attempt to add parties to the wage lawsuit has no bearing on what defendants are proper in this action.

James C. Mahan
U.S. District Judge

- 10 -

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Jacob Transportation Services, LLC, Bentley Transportation Services, LLC, Jim Jimmerson, and Carol Jimmerson's motion to dismiss (doc. # 13) be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiff's complaint is dismissed as to defendant Bentley Transportation Services, LLC without prejudice. Plaintiff's collective action allegations are dismissed without prejudice.

DATED January 23, 2013.

_____
**UNITED STATES DISTRICT JUDGE**