# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS THATCHER SCHEMKES,<br><br>    Plaintiff(s),<br><br>v.<br><br>JACOB TRANSPORTATION SERVICES, LLC, et al.,<br><br>    Defendant(s). | 2:12-CV-1158 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff Thomas Thatcher Schemkes' motion to dismiss defendants' counterclaim. (Doc. # 23). Defendants Jacob Transportation Services, LLC, James Jimmerson, and Carol Jimmerson filed a response in opposition (doc. # 30), and plaintiff filed a reply (doc. # 34).

Also before the court is plaintiff's motion for a stay. (Doc. # 33). Defendants filed a response in opposition. (Doc. # 36).

Also before the court is defendants' motion for summary judgment. (Doc. # 26). Plaintiff filed a response in opposition. (Doc. # 31).

**I.    Background**

The instant case centers upon claims of retaliation in violation of the Fair Labor Standards Act ("FLSA").

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiff was employed by defendant Jacob Transportation Services ("Jacob Transportation") as a limousine driver from November 2008 until July 2, 2009. Plaintiff claims that several months after beginning his employment, he regularly complained to his manager that he was not being paid for all of the hours he worked. On June 19, 2009, plaintiff filed a lawsuit against Jacob Transportation alleging various pay violations under the FLSA.

On July 2, 2009, Jacob Transportation terminated plaintiff's employment. Defendants claim that this decision came as a result of their discovery that plaintiff had made numerous misrepresentations in his employment application, including a failure to disclose that he had been cited for stealing from a prior limousine company as an employee.

Without denying the allegations against him, plaintiff argues that defendants' explanation for his termination is merely pretext, and that he was actually fired for bringing his FLSA claims against Jacob Transportation.

Plaintiff specifically alleges that defendants violated Section 215(a)(3) of the FLSA by terminating him because he filed an FLSA complaint against Jacob Transportation. Plaintiff also asserts that defendants' conduct violated Nev. Rev. Stat. §§ 613.480(4) and 50.070. Finally, plaintiff claims that defendants committed tortious discharge in violation of public policy under Nevada law.

Defendants allege a counterclaim that the instant suit constitutes an abuse of process by plaintiff.

For the purposes of clarity, the court will first address plaintiff's motion to dismiss, then plaintiff's motion for a stay, followed by defendants' motion for summary judgment.

**II.     Motion to Dismiss**

*A.     Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

James C. Mahan
U.S. District Judge

- 2 -

1  of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

2  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

*B.     Analysis*

A claim for abuse of process under Nevada law requires: "(1) an ulterior purpose . . . other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002).

Defendants claim that plaintiff has abused process by filing the instant suit because he did so with the intention of subjecting defendants "to a multiplicity of suits in order to force concessions in the original suit." (Doc. # 30 p. 25). However, Nevada law clearly holds that "the mere filing of a complaint is insufficient to establish the tort of abuse of process." *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985).

Though defendants correctly assert that plaintiff has filed two separate complaints alleging violations of the FLSA, these complaints address entirely independent facts and separate causes of action. The prior suit was a collective action in which plaintiff alleged that Jacob Transportation failed to pay all similarly situated employees as required under the FLSA. The present suit involves allegations regarding plaintiff's termination.

The fact that plaintiff filed the instant claims in a separate suit is understandable, considering the discrete factual issues involved and that the claims in this case would have posed an unnecessary distraction to the resolution of the prior FLSA suit. Accordingly, the court finds that plaintiff's act of filing the complaint in this case, as a matter of law, cannot constitute an abuse of process.

Accordingly, the court will grant plaintiff's motion to dismiss.

**III.     Motion for a Stay**

Plaintiff requests that this action be stayed due to the fact that defendants rely on an "employment application and related employment package" document and some reports from the Nevada Transportation Authority that plaintiff claims have never been produced by defendants in this case. However, defendants clarify that they produced this evidence in plaintiff's earlier action, and defendants have consistently stated that they intended to rely upon these documents in this matter.

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Therefore, because plaintiff was given these very documents along with more than 10,145 pages of additional discovery in the prior action, and was put on notice that these documents were to be used in this case, the court finds that plaintiff has suffered no prejudice. Accordingly, plaintiff's motion for a stay will be denied.

**IV.    Motion for Summary Judgment**

*A.    Legal Standard*

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

. . .

. . .

James C. Mahan
U.S. District Judge

- 5 -

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

B.   Analysis

1.   FLSA Retaliation

29 U.S.C. § 215(a) provides that it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]."

Claims pursuant to this section require that "a plaintiff [] make a *prima facie* showing of (1) participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. If a plaintiff meets this burden, the defendant must then articulate a legitimate reason for its decision [unrelated to the FLSA action]. The burden

James C. Mahan
U.S. District Judge

then shifts to the plaintiff to demonstrate that the proffered reason is [pretextual]." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

### I. Prima Facie Case

It is undisputed that plaintiff initiated an action against Jacob Transportation seeking unpaid wages, which is an activity protected by the FLSA. It is also undisputed that defendants terminated plaintiff's employment, which certainly qualifies as an adverse employment action. The fact that plaintiff's termination occurred less than two weeks after he initiated his FLSA action creates an inference of a causal relationship between plaintiff's initial FLSA claim and his termination.

Therefore, plaintiff has established a prima facie claim for impermissible FLSA retaliation in violation of 29 U.S.C. § 215(a)(3).

### ii. Legitimate Reasons Unrelated to the FLSA Action

Defendants provide evidence showing that plaintiff made material misrepresentations in his initial application for employment. Plaintiff misrepresented the dates he had worked for the Clark County School District in order to conceal the fact that he had previously been employed by Presidential Limousine.

Additionally, defendants present extensive documentation demonstrating that plaintiff misrepresented the reason for his termination from a prior employer, CLS Transportation. Plaintiff had been a limousine driver for CLS until an investigation by the Nevada Department of Business and Industry revealed that, unbeknownst to CLS, plaintiff had been using CLS' vehicles to give limousine rides to clients in exchange for cash in violation of company policies and Nevada law. (Doc. # 28 pp. 48-51). After investigators contacted CLS, plaintiff was terminated from his employment.

However, plaintiff failed to disclose the true circumstances surrounding his departure from CLS when he applied to Jacob Transportation. Defendants claim that they were made aware of plaintiff's misrepresentations due to inconsistencies between his employment application and facts that were alleged in his initial FLSA action. Defendants claim that their decision to terminate

James C. Mahan
U.S. District Judge

- 7 -

plaintiff was motivated by the misrepresentations in plaintiff's employment application as well as the fact that plaintiff was accused of violating Nevada law during his employment with CLS.

An employer cannot be expected to ignore an employee's material misrepresentations and prior acts of deception merely because it became aware of these events due to an FLSA action. Indeed, if it had not been for plaintiff filing the initial FLSA action, defendants may never have learned of his transgressions, but to hold defendants' reasons for termination not to be legitimate would functionally grant an employee immunity for any fireable offense any time the employee alleged that the employer had violated the FLSA. The court finds that defendants have fulfilled their burden to demonstrate that they terminated plaintiff's employment for a legitimate reason unrelated to his FLSA complaint.

### iii. Pretext

"A plaintiff can prove pretext in two ways: (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1171 (9th Cir. 2007) (internal citations, quotations, and alterations omitted). "All the evidence as to pretext–whether direct or indirect–is to be considered cumulatively." *Id.*

Plaintiff fails to provide any evidence demonstrating that defendants' proffered explanation is merely pretextual. Plaintiff does not deny the allegations that he misrepresented his prior experience on his application for employment or that he failed to disclose any information regarding the investigation that lead to his departure from CLS.

Plaintiff does claim that a manager told him at the time of his termination that "it was too bad [plaintiff] filed his lawsuit" and that a different manager hung up a picture of plaintiff "as an example of what happens to drivers who sue the company." (Doc. # 31 p. 3). However, plaintiff is unable to provide any evidence to support these allegations.

. . .

. . .

James C. Mahan
U.S. District Judge

- 8 -

Accordingly, the court finds that plaintiff has not provided evidence from which a reasonable person could conclude that defendants' explanation for his termination was pretextual. As such, the court will grant defendants' motion for summary judgment as it relates to this claim.

### 2. Nevada Statutory Claims

Plaintiff claims that defendants violated Nev. Rev. Stat. § 613.480 by terminating him. This section prohibits employers from taking adverse actions against employees who take legal action against their employers for requiring, encouraging, suggesting, or requesting that they take a polygraph test. *See* Nev. Rev. Stat. § 613.480. In his response to the motion for summary judgment, plaintiff points out that defendants had a policy of requiring employees to submit to a polygraph tests upon suspicion that an employee was "involved in a criminal act or missing company monies." (Doc. # 31 p. 7). However, the complaint fails to allege that defendants made even the slightest insinuation that plaintiff should take a polygraph test.

Nev. Rev. Stat. § 50.070 prohibits employers from taking adverse action against employees based on their service as a witness. *See Shoen v. Amerco, Inc.*, 896 P.2d 469, 475 (Nev. 1995). Plaintiff fails to provide any evidence demonstrating that his termination occurred due to his service as a witness in the prior FLSA action or any other case.

Accordingly, the court will grant defendants' motion for summary judgment as to these claims.

### 3. Tortious Discharge in Violation of Public Policy

Under Nevada law, a claim for tortious discharge in violation of public policy requires that (1) an employer, in its discharge of an employee, violated the public policy of Nevada and (2) that there is no adequate statutory remedy available under Nevada law to allow victims to bring suit and recover tort damages for their injuries. *See D'Angelo v. Gardner*, 819 P.2d 206, 216-17 (Nev. 1991).

Plaintiff alleges that defendants committed a tortious discharge by terminating him for filing an FLSA claim against Jacob Transportation. However, as stated earlier, plaintiff fails to provide evidence demonstrating that defendants' proffered reason for his discharge was pretextual. Therefore, without ruling on the question as to whether an employer's termination of an employee

James C. Mahan
U.S. District Judge

1  for filing a claim under the FLSA could constitute a tortious discharge under Nevada law, the court
2  finds that plaintiff has failed to meet his evidentiary burden. Accordingly, the court will grant
3  defendants' motion for summary judgment as to this claim.

4  Accordingly,

5  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
6  dismiss defendants' counterclaim (doc. # 23) be, and at the same time hereby is, GRANTED.

7  IT IS FURTHER ORDERED that plaintiff's motion for a stay (doc. # 33) is DENIED.

8  IT IS FURTHER ORDERED that defendants' motion for summary judgment (doc. # 26) is
9  GRANTED. The clerk is instructed to close the case and enter judgment accordingly.

10  DATED March 3, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 10 -